· *Court of Common Pleas, Dauphin County, March 7th*, 1859.

STATE FIRE AND MARINE INSURANCE COMPANY *v.* THE
OGLESBY. ·

An attachment execution should not be served upon the agent of a corporation,
   because it has funds in its possession belonging to the original debtor, un-
   less the money is actually in the hands of such agent; it should be served
   upon the president, treasurer or other officer having possession of such
   funds.

BY THE COURT.—A motion has been made to set aside the
service of the attachment in the case on account of irregularity.
The agent of an insurance company or other corporation not
being subject thereto, and the funds, if any, belonging to the
defendant in the hands of the Delaware Safety Insurance Com-
pany not being bound by such service. If Mr. Buehler, as agent
of the Delaware Insurance Company, has funds in his hands be-
longing to the defendant in the attachment, the service is good.
That can only be told on his answer being put in on a *scire facias*
issued. If it is expected by such service to find effects belonging to
the defendant in the possession of the Delaware Company, the
service is insufficient, and will not have the effect desired by the
plaintiff. The goods or effects of a non-resident may be attached
in the hands of any person, natural or artificial, and the person
in the possession of the goods or effects attached must be summoned
as garnishee. If a corporation is debtor to a non-resident, who
is subject to attachment, or through its officers or agents holds his
goods, the service, in order to secure the debt, must be made on
the proper officer of the company, the president, treasurer or other
officer holding the funds ; or if in the hands of an agent, he may be
made garnishee. But if the agent has no corporal possession, or
control, over the effects, such service is invalid. The 6th section
of the act of April 8th, 1851, which provides for the service of
process on the agent of a corporation, is pointing out a method of
commencing suit against the corporation for its own proper debt,
and not a garnishing or warning it to appear to answer for the
debt of another person. The same may be said of the service
prescribed by the 1st section of the act of April 17th, 1856. There
is no act of Assembly, that we are aware of, which provides for
serving a foreign attachment on the mere agent of a corporation,
and thereby binding it to retain money in its treasury on a debt
due by the institution to a non-resident debtor. We cannot set
aside the service on Mr. Buehler in the present case, but should it
appear that he has no funds of the defendant in his hands, or
under his control, the plaintiff will take nothing by his writ, even
though the insurance company, for which Mr. Buehler is agent,
may owe the defendant money. Motion denied for the present;

[Ryan *v.* Casey.]

this not to prejudice the rights of any of the parties or the garnishees.

*Kunkel and Simonton, for plaintiff.*

*Miller and Lawrence, for defendant.*]